# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB AVILA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ANDRE MATEVOUSIAN,<br><br>　　　　Respondent. | Case No.  1:15-cv-00402-EPG-HC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DISMISSING WITHOUT PREJUDICE PETITIONER'S CLAIM CHALLENGING HIS GUILTY PLEA, DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT (ECF No. 12), AND DIRECTING CLERK OF COURT TO CLOSE CASE |

　　　　Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is presently incarcerated at the United States Penitentiary at Atwater, CA ("USP Atwater").  Respondent is the Warden of USP Atwater.  Both parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF Nos. 4, 9).

　　　　Petitioner argues that the Federal Bureau of Prisons ("BOP") should grant him prior custody credit for time he was incarcerated prior to his sentencing on September 18, 2009. Specifically, Petitioner argues that he should receive prior custody credit for the time that he spent in state custody in Colorado from November 28, 2007, the date that the US Marshal placed a detainer on him, through April 3, 2009, the date that he was removed to federal jurisdiction as a result of the federal detainer.  Petitioner also argues that he should receive credit from November

28, 2007, through present. It is clear that Petitioner was exclusively in federal custody beginning on May 12, 2011, and that he has received credit for his time exclusively in federal custody since May 12, 2011, so the Court will evaluate whether Petitioner is entitled to prior custody credit from November 28, 2007 through May 11, 2011. Petitioner also argues that his federal sentence should run concurrent to the state sentence, thereby reducing the time that he spends in federal custody. Respondent replies that the BOP has accurately computed Petitioner's sentence for prior credits and that Petitioner's federal sentence runs consecutive to Petitioner's state sentence.

On March 10, 2015, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On June 22, 2015, Respondent filed an answer to the petition. (ECF No. 11). On July 22, 2015, Petitioner filed combined objections and rebuttal to Respondent's response to the petition, which the Court construes as a traverse, a motion for summary judgment, and a request for bail. (ECF No. 12). Respondent did not file a reply. For the reasons set forth below, the Court denies Petitioner's petition for writ of habeas corpus, dismisses his claim challenging his guilty plea, and denies his motion for summary judgment. Petitioner's request for bail, appointment of counsel, and an evidentiary hearing are denied as moot.

## I.

## BACKGROUND

Petitioner is currently serving an 84-month term of imprisonment pursuant to his 2009 conviction in the United States District Court for the District of Kansas for Brandishing a Firearm During & In Relation to a Crime of Violence, in violation of 18 U.S.C § 924(c)(1)(A). He has a projected release date of September 21, 2017, via Good Conduct Time ("GCT").

On November 9, 2007, Petitioner was arrested in Jefferson County, Colorado for Vehicular Eluding with Injury. On April 21, 2008, the Jefferson County District Court in Denver, Colorado sentenced Petitioner to a four year term of incarceration with prior custody credit of 207 days from November 9, 2007 through June 2, 2008. On April 3, 2009, the state of Colorado took physical custody of Petitioner pursuant to a writ of habeas corpus ad prosequendum. On September 18, 2009, the United States District Court for the District of

1 Kansas sentenced Petitioner to an 84-month term of imprisonment for his conviction for
2 Brandishing a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C.
3 § 924(c)(1)(A), in Criminal Case No. 5:07-cr-40148-001-RDR.  After Petitioner was sentenced,
4 the Judgment and Commitment Order from Case No. 5:07-cr-40148-001-RDR was filed as a
5 detainer, and the Marshal's Service returned Petitioner to Colorado state custody.

6       On February 9, 2011, Petitioner completed his four year term of incarceration in the state
7 of Colorado.  However, Petitioner was not released to the USMS detainer until May 12, 2001.
8 The BOP prepared a sentence computation based on Petitioner's 84-month term of incarceration
9 from Case No. 5:07-cr-40148-001-RDR, commencing on May 12, 2011, which was the date that
10 Petitioner was released by Colorado state officials to the exclusive custody of federal authorities.

11       The BOP awarded prior custody credit from February 10, 2011, the day after the release
12 from Petitioner's state sentence, through May 11, 2011, the day before Colorado placed
13 Petitioner in exclusive federal custody.

14 **II.**

15 **DISCUSSION**

16 **A.     Petitioner's Claims Regarding Prior Custody Credit**

17       A claim challenging the manner, location, or conditions of a sentence's execution must
18 be brought under 28 U.S.C. § 2241.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).
19 A challenge to the manner in which a sentence is executed must be brought in a habeas petition
20 pursuant to 28 U.S.C. § 2241.  Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991) (concerning
21 whether the parole commission had improperly failed to credit the prisoner's federal sentence
22 with time served in state custody).  Therefore, this Court has jurisdiction over Petitioner's claims
23 regarding prior custody credit, which concern the execution of his sentence.

24       Respondent concedes that venue is proper in this district because Petitioner is presently
25 confined at USP Atwater, which is within the venue of the Eastern District of California.
26 Respondent also concedes that Petitioner has exhausted administrative remedies for his claim
27 concerning sentence computation.

28       First, Respondent argues that Petitioner has already received credit toward his federal

1  sentence from February 10, 2011, the day after he was released from his state sentence, through
2  May 11, 2011, the day before Petitioner was placed in exclusive federal custody.  Petitioner's
3  Colorado state sentence was completed on February 9, 2011.  Therefore, on February 10, 2011,
4  he was no longer incarcerated pursuant to the Colorado sentence.  Upon the review of the record
5  in this matter, it is clear that Petitioner has been awarded prior custody credit from February 10,
6  2011, through May 11 2011.  Therefore, the Court will review whether Petitioner is entitled to
7  prior custody credit for time served prior to February 10, 2011.

8  It is the responsibility of the BOP to compute the time credit and release date of the
9  Petitioner. With respect to credit for time served and the commencement of terms, 18 U.S.C. §
10 3585 provides as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

21 BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984)
22 incorporates 18 U.S.C. § 3585(b) and states that "A defendant shall be given credit toward the
23 service of a term of imprisonment . . . that has not been credited against the other sentence."  See
24 ECF No. 11-1 at 40.  The Attorney General, acting through the BOP, has the duty to compute the
25 credit allowed by § 3585(b).  United States v. Wilson, 503 U.S. 329, 337, 112 S.Ct. 1351, 117
26 L.Ed.2d 593 (1992).

27 Prior to February 10, 2011, Petitioner was serving the Colorado state sentence from his
28 2008 Jefferson County District Court sentence.  A defendant cannot receive double credit for his

detention time. United States v. Wilson, 503 U.S. at 337.  The Ninth Circuit has held that federal authorities do not have to credit prisoners for the time spent in state custody.  Del Guzzi v. United States, 980 F.2d 1269, 1271 (9th Cir. 1992) ("we have no authority to violate the statutory mandate that federal authorities need only accept prisoners upon completion of their state sentence and need not credit prisoners with time spent in state custody") (internal citations omitted); Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988) (per curiam) ("since the state of Florida gave [Petitioner] credit on his state sentence for the period of time he was denied release [from state custody], he is not entitled to credit against his federal sentence for the same period of time.").

There is no merit to Petitioner's claim of entitlement to credit for time spent in state custody prior to February 10, 2011, because Petitioner was given credit for that time in his state case.  (ECF No. 11-1 at 30).  To give Petitioner credit for this time against his federal sentence would be to award double credit, which is foreclosed by § 3585(b). See Wilson, 503 U.S. at 337.

Further, Respondent argues that the writ of habeas corpus ad prosequendum did not place Petitioner under exclusive federal custody.  See Taylor v Reno, 164 F.3d 440 (9th Cir. 1998) (state prisoner appearing in federal court under writ ad prosequendum still in state custody); Thomas v. Brewer, 923 F.2d 1361, 1367 (9th Cir. 1990).  Petitioner was merely 'on loan' from Colorado when the United States District Court for the District of Kansas sentenced Petitioner on September 18, 2009.  Petitioner's federal sentence in this case did not commence on the date of imposition of the sentence, but on the date that Petitioner was received in custody awaiting transportation to the official detention facility at which the sentence is to be served.  See 28 U.S.C. § 3585(a).

Petitioner cites McRae v. Rios, 2013 WL 1758770 at *5 (E.D. Cal. 2013), for the proposition that he is entitled to credit on his federal sentence from November 28, 2007, through April 3, 2009, because he claims he was unable to receive bail from state authorities due to the federal detainer.

In McRae, the court stated:

> [T]he BOP has adopted a policy of awarding presentence custody

5

>  credits already credited to a concurrent state sentence under narrow circumstances where the BOP has determined that the credits will be of no benefit to the federal prisoner. These credits are called Willis ... credits and are based on a judicially-created exception to § 3585(b) set forth in ... Willis v. United States. The Fifth Circuit's specific concern in Willis was that the defendant in that case had initially spent time in state custody only because he was subject to a federal detainer and therefore should get federal credit for that time. (Where a defendant was denied release on bail because the federal detainer was lodged against him, then that was time spent in custody in connection with the [federal] offense, ... since the detainer was issued upon authority of the appellant's federal conviction and sentence.) Given that circumstance, the court concluded the petitioner was entitled to federal credit for that time spent in state custody due to the federal detainer which precluded him from being released on bail on the state charges. To be eligible for Willis credits, however, the inmate must be serving a concurrent federal sentence and the inmate must not actually benefit from a credit to his state sentence.

McRae, 2013 WL 1758770 at *5 (E.D. Cal. 2013) (internal citations and quotations omitted).

Here, Petitioner's reliance on McRae and Willis is misplaced. Willis requires that (1) Petitioner's federal and state sentences run concurrently, and (2) that Petitioner did not actually benefit from the state credit given to him for his presentence period of incarceration. See Willis, 438 F.2d at 925.

Petitioner did receive a benefit from the time he spent in custody from March 4, 2009 through March 18, 2009, as that time was credited toward his state sentence. (ECF No. 11-1 at 30). Moreover, Petitioner's federal sentence was not specifically ordered to run concurrent to his state sentence. (ECF No. 11-1 at 11-16). Although Petitioner argues that his federal sentence should run concurrent to the Colorado state sentence, it must run consecutive based on the record in this matter. Because the judgment did not make a reference to whether the sentence was to run concurrent or consecutive to petitioner's state sentence, the federal sentence imposed would run consecutively. See 18 U.S.C. § 3584(a) ("[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); Taylor v. Sawyer, 283 F.3d 1143, 1148 (9th Cir. 2002) (affirming the district court's denial of a section 2241 petition where the Bureau of Prisons refused to treat prisoner's state and federal sentences as concurrent). Therefore, Petitioner does not qualify for the Willis credits for the time

that he spent in custody after the federal detainer was lodged.

### B.     Petitioner's Claim Challenging His Guilty Plea

Petitioner also argues that he did not know that his federal guilty plea meant that his federal sentence would run consecutively to the state sentence and that the court and his attorney would have had to inform him that the federal sentence would run consecutively to the state sentence. This claim is a direct challenge to Petitioner's conviction, and not to the execution of Petitioner's sentence.

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the district court where Petitioner was sentenced has jurisdiction. Tripati, 843 F.2d at 1163. In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted). Therefore, the proper vehicle for challenging a conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. See Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th

Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as amended), *cert. denied*, 540 U.S. 1051 (2003). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

However, in this case, Petitioner has not argued that he is entitled to pursue his claim pursuant to the savings clause. Petitioner has not argued that his remedy under § 2255 is inadequate or ineffective. Therefore, in the instant petition, Petitioner is not entitled to pursue his claim challenging his guilty plea through the savings clause because he has not presented a savings clause argument.

Motions pursuant to § 2255 must be heard in the district where Petitioner was sentenced. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-65. This Court lacks jurisdiction over Petitioner's claim challenging his guilty plea because this Court is only the custodial court and construes this claim as a claim pursuant to § 2255. See Hernandez, 204 F.3d at 864-65. Accordingly, the Court does not have jurisdiction over this claim, and this claim must be dismissed.

Therefore, Petitioner is not entitled to credits toward his federal sentence for the time that he spent in custody prior to February 10, 2011. Thus, Petitioner's petition for writ of habeas corpus and Petitioner's motion for summary judgment are denied. Petitioner's claim that challenges his guilty plea is dismissed without prejudice. Petitioner's requests for bail, an evidentiary hearing, and appointment counsel are denied as moot.

## III.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1) Petitioner's petition for writ of habeas corpus is DENIED;

2) Petitioner's claim challenging his guilty plea is DISMISSED without prejudice;

3) Petitioner's motion for summary judgment is DENIED;

4) Petitioner's request for bail, an evidentiary hearing, and appointment of counsel

|   |    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                |
|---|----|--------|

         are DENIED as moot;

5)     The Clerk of Court is DIRECTED to close the case; and

6)     As to Petitioner's claim challenging his guilty plea, the Court DECLINES to issue a certificate of appealability. See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (a COA required if petition is a successive section 2255 petition disguised as a section 2241 petition); 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.")  In the present case, the Court finds that reasonable jurists would not find this Court's decision finding that Petitioner's claim challenging his guilty plea is not cognizable under 28 U.S.C. § 2241 in the instant petition debatable, wrong, or deserving of encouragement to proceed further.

IT IS SO ORDERED.

Dated:   **January 15, 2016**              /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE